62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael SHIPLEY, Appellant.
 No. 95-1036.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1995.
Filed: July 27, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Shipley was charged with conspiring to distribute and distributing cocaine base on five occasions, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Shipley appeals his ensuing drug conviction and 63-month sentence imposed by the district court.[1] We affirm.
 
 
 2
 Prior to trial, Shipley moved unsuccessfully to exclude from the trial all references to marijuana, specifically a recorded March 1994 conversation between Shipley and an undercover state narcotics task force officer, in which Shipley stated he grew marijuana in California more than five years earlier. His renewed objections at trial also were overruled. After a two-day trial, the jury found Shipley guilty on all counts. The presentence report (PSR) indicated a total offense level of 26, a criminal history category of I, and a range of 63 to 78 months.
 
 
 3
 At sentencing, Shipley asked for a downward departure on the ground that the government had engaged in sentencing entrapment or sentencing manipulation. He argued he was not predisposed to sell large amounts of crack cocaine, although he may have been predisposed to sell smaller amounts. He contended he was entrapped or, failing that, his sentence was manipulated by the government when it kept going back to him to do more drug deals just to rachet up his sentence for Guidelines purposes. He also argued that, under the rule of lenity, he should be sentenced under "cocaine" offense levels rather than "cocaine base" offense levels because cocaine is the same thing as cocaine base. The court denied Shipley's motions and sentenced him to 63 months imprisonment and five years supervised release and imposed a fine of $1,200.
 
 
 4
 On appeal, Shipley argues the district court erred in allowing into evidence at trial unfairly prejudicial references to marijuana, in denying his downward departure motions based on sentencing entrapment and sentencing manipulation, and in denying his motion at sentencing to enforce the rule of lenity in regard to the differing penalties for cocaine and cocaine base.
 
 
 5
 Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "The district court has broad discretion when weighing probative value against unfair prejudice, and [this court] will reverse its decision only if it abused its discretion." United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir.1991), cert. denied, 504 U.S. 927 (1992). Here, although the references to marijuana were prejudicial, we believe they were highly relevant to show Shipley's predisposition to deal drugs in light of his sole defense of entrapment. See Jacobson v. United States, 503 U.S. 540, 548-49 (1992). We find no abuse of discretion.
 
 
 6
 A district court may depart downward under the Guidelines based on sentencing entrapment or sentencing manipulation. See United States v. Barth, 990 F.2d 422, 424-25 (8th Cir.1993); see also United States v. Shephard, 4 F.3d 647, 649 (8th Cir.1993) (potential for abuse also exists with sentencing manipulation), cert. denied, 114 S. Ct. 1322 (1994). Sentencing entrapment is outrageous official conduct which overcomes the will of an individual predisposed only to dealing in smaller quantities for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant. Barth, 990 F.2d at 424. Sentencing manipulation is stretching out an investigation over longer periods of time involving more drug buys merely to increase a defendant's sentence. Shephard, 4 F.3d at 649. Shipley has not established either sentencing entrapment or sentencing manipulation. The uncontroverted testimony at trial showed officers were extending the investigation-increasing the number of buys and the amounts of drugs-for the purposes of discovering Shipley's source and determining what amount of drugs he could get readily. See United States v. Warren, 16 F.3d 247, 251 (8th Cir.1994); Shephard, 4 F.3d at 649; Barth, 990 F.2d at 425; United States v. Calva, 979 F.2d 119, 123 (8th Cir.1992).
 
 
 7
 Finally, Shipley argues the district court should have applied the rule of lenity and sentenced him under the cocaine Guideline and statutory sections, rather than the cocaine base Guideline and statutory sections, because there is no scientific difference between cocaine and "a substance containing cocaine base." Although Shipley cites United States v. Davis, 864 F. Supp. 1303, 1306 (N.D.Ga.1994), a case adopting this reasoning, we have previously declined to consider the argument Shipley raises where there was no evidentiary basis in the case to consider the issues that were addressed in Davis. See United States v. Thompson, 51 F.3d 122, 127 (8th Cir.1995). Shipley has not created a sufficient record before the district court to warrant consideration of the issue on appeal.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri